IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

TERESA A. THOMPSON,

        Plaintiff,

v.                                  CIVIL ACTION NO. 5:08-cv-00027

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This is an action seeking review of the final decision of the Commissioner of Social Security (Commissioner) denying Claimant Teresa Thompson's application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–433. By Standing Order filed on January 11, 2008, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings and a recommendation (PF&R), pursuant to 28 U.S.C. § 636(b)(1)(B). On February 24, 2009, the magistrate judge filed his PF&R recommending that the Court grant Claimant's Motion for Judgment on the Pleadings [Docket 14], deny the Commissioner's Motion for Judgment on the Pleadings [Docket 15], vacate the final decision of the Commissioner, and remand this case for further proceedings pursuant to 42 U.S.C. § 405(g).

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure

to file timely objections constitutes a waiver of de novo review and Petitioner's right to appeal this Court's order. *See Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to the PF&R were due by March 13, 2009. The Commissioner timely filed objections to the magistrate judge's PF&R on March 9, 2009. The briefing is complete and the matter is now ripe for the Court's consideration.

## I. BACKGROUND*

Claimant was born on March 8, 1956. She has a high school education, one year of paralegal study, and training as a correctional officer. Her work history includes employment as a correctional officer and as a mail clerk. She also owned a restaurant and nightclub establishment for a period of time.

Claimant filed an application for disability insurance benefits on March 20, 2003. She alleged she was disabled due to depression and a knee injury that affected her back and shoulders. Her claim was denied on July 17, 2003, and again upon reconsideration on December 30, 2003. At Claimant's request, a hearing was held before Administrative Law Judge Robert J. Phares (ALJ) on October 13, 2005. As of the date of the hearing, Claimant's age was forty-nine years, seven months. Claimant's insured status expired on December 31, 2005—sixty-seven days short of her fiftieth birthday.

On March 29, 2006, the ALJ issued a decision finding that Claimant was not disabled. The ALJ considered Claimant to be a "younger individual," a category that applies to people aged less than fifty years. *See* 20 C.F.R. pt. 404, app. 2, §§ 201.00(h), 201.21. It is the SSA's policy that no

---

* The factual and procedural background of this action is set forth in detail in the PF&R. Only the relevant parts will be repeated here.

explanation is required for an ALJ's decision to categorize a claimant as a younger individual, and none was given in this case. The ALJ's decision became the final decision of the Commissioner on November 16, 2007, when the Appeals Council denied Claimant's request for review.

Claimant filed the instant action on January 11, 2008, seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). The magistrate judge recommends that this matter be remanded to the Commissioner for further proceedings. The Commissioner objects on the grounds that the ALJ properly considered Claimant to be a younger individual. Accordingly, the Commissioner urges the Court to reject the PF&R, grant his motion for summary judgment, and deny Claimant's motion for summary judgment.

## II. STANDARD OF REVIEW

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C.A.§ 405(g). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir.

1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

### III.  APPLICABLE LAW

The Social Security Regulations set forth a sequential evaluation for DIB claims. 20 C.F.R. §§ 404.1520. If a claimant is found not to be disabled at any step of the evaluation, benefits are denied and further evaluation is unnecessary. *Id.* The first inquiry is whether the claimant is currently engaged in substantial gainful employment. *Id.* If the claimant is not, the ALJ must determine whether the claimant suffers from a severe impairment. *Id.* If the ALJ finds an impairment, the ALJ must determine whether it meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* If the impairment meets or equals any of those listed impairments, the claimant is found to be disabled and awarded benefits; however, if the impairment does not, the ALJ must proceed to the fourth step of the evaluation: whether the impairment prevents the performance of past relevant work. *Id.* Finally, if the claimant establishes that the impairment prevents the performance of past relevant work, the burden shifts to the Commissioner to show that the claimant, in consideration of his or her physical and mental capacities, age, education, and prior work experience, is able to engage in other forms of substantial gainful employment and that such employment exists in the national economy. *Id.*

*IV. DISCUSSION*

A claimant's age categorization is determined by reference to the claimant's age on the date her insured status expires. *See Daniels v. Apfel*, 154 F.3d 1129, 1132 n.4 (10th Cir. 1998). However, the categories are not strictly applied in so-called borderline situations, where the claimant's age on the relevant date is very near the intersection of two age categories. The Social Security Administration (SSA) informs potential claimants,

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all factors on your case.

20 C.F.R. § 404.1563(b). As a general rule, claimants whose ages are within six months of a higher age category are eligible for being considered borderline situations. *See Pickard v. Comm'r of Soc. Sec.*, 224 F. Supp. 2d 1161, 1168 (W.D. Tenn. 2002) (collecting cases). The SSA prescribes the following test for evaluating potential borderline situations:

> (1) Determine whether the claimant's age is within a few days or a few months of a higher age category.
>
> (2) If so, determine whether using the higher age category would result in a decision of "disabled" instead of "not disabled."
>
> If the answer to one or both is "no," a borderline age situation either does not exist or would not affect the outcome. The adjudicator will then use the claimant's chronological age.
>
> If the answer to both is "yes," a borderline age situation exists and the adjudicator must decide whether it is more appropriate to use the higher age or the claimant's chronological age. (Use of the higher age category is not automatic.) To decide which age category to use, take a "sliding scale" approach. Under this approach, the claimant must show progressively more additional vocational adversity(ies) – to support use of the higher age – as the time period between the claimant's actual age and his or her attainment of the next higher age category lengthens.

5

> One finds additional vocational adversity(ies) if some adjudicative factor(s) is relatively more adverse when considered in terms of that factor's stated criteria, or when there is an additional element(s) which has adverse vocational implications. Examples of these additional vocational adversities are the presence of an additional impairment(s) which infringes upon – without substantially narrowing – a claimant's remaining occupational base; or the claimant may be barely literate in English, have only marginal ability to communicate in English, or have a history of work experience in an unskilled job(s) in one isolated industry or work setting. (An isolated industry would be such as fishing or forestry.) Other adverse circumstances in individual cases may justify using the higher age category.
>
> Absent a showing of additional adversity(ies) justifying use of the higher age category, the adjudicator will use the claimant's chronological age – even when the time period is only a few days. The adjudicator need not explain his or her use of the claimant's chronological age.
>
> Consider applying these guidelines whenever the age category changes within a few months after the alleged onset date, the date last insured (or the prescribed period), or the date of the ALJ's decision.
>
> The Appeals Council will ordinarily deny review, assuming there is no other basis for granting review, when a borderline age situation exists, the ALJ's decision does not address the issue, and the Appeals Council does not find sufficient basis in the record for using the higher age category.

SSA, Hearings, Appeal and Litigation Law Manual (HALLEX), II-5-3-2.

As the magistrate judge correctly highlighted, the application of the grids occurs at step five of the sequential analysis. Thus, it is the Commissioner's burden to establish that the case does not present a borderline age situation. *See Daniels*, 154 F.3d at 1132–34; *see also Pickard*, 224 F.Supp.2d at 1169. The Commissioner has not met that burden in this case.

Claimant's circumstances warrant consideration as a borderline situation, as she satisfies the two prerequisites specified in the HALLEX. On the relevant date, she was sixty-seven days short of her fiftieth birthday. It also is undisputed that Claimant would have been found disabled if she had been considered an individual approaching advanced age, which applies to individuals with ages ranging from fifty to fifty-four. (Docket 18 at 2.) However, the ALJ failed to provide any

justification for his choice of the lower age category. In the absence of an explanation for this decision, the Court is unable to conclude that the Commissioner's decision is supported by substantial evidence. *See Daniels*, 154 F.3d at 1136; *see also Justice v. Astrue*, 589 F. Supp. 2d 110, 111–12 (D. Mass. 2008); *Woody v. Barnhart*, 6:06-cv-45, 2006 U.S. Dist. LEXIS 56465, at *8–9 (W.D. Va. Aug. 14, 2006).

### III. CONCLUSION

For the reasons stated above, the Commissioner's Objections [Docket 18] are **OVERRULED**. The Court **ADOPTS** the recommendation contained in the PF&R [Docket 17], **GRANTS** Claimant's Motion for Judgment on the Pleadings [Docket 14] to the extent it seeks remand and **DENIES** it as to its residue, **DENIES** the Commissioner's Motion for Judgment on the Pleadings [Docket 15], **VACATES** the final decision of the Commissioner, and **REMANDS** this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). A separate Judgment Order will enter this day.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 24, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE